UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILLIAM SCHUROSKY,

    Plaintiff,

  v.

HOLLYWOOD ENTERTAINMENT
CORPORATION d/b/a HOLLYWOOD
VIDEOS, an Oregon corporation; WAYNE
ENGLE and JANE DOE ENGLE, and the marital
community composed thereof,

    Defendants.

CASE NO. C05-1125C

ORDER

    This matter comes before the Court on Plaintiff's Motion to Compel Production of Witness Information as Required Under Rule 26(a)(1)(A) of the Initial Disclosures (Dkt. No. 15) ("Pl.'s Mot."), Defendants' Response thereto (Dkt. No. 19) ("Defs.' Opp'n"), and Plaintiff's Reply (Dkt. No. 21) ("Pl.'s Reply"). The Court has considered the papers submitted regarding this motion and determined that oral argument is not necessary. The Court hereby finds and rules as follows.

//

//

//

ORDER – 1

## I. BACKGROUND

Plaintiff originally brought the instant motion (1) to compel witness contact information and (2) seeking an award of attorney's fees incurred in bringing the motion. The specific information sought was full contact information for witnesses listed in Defendants' initial disclosures produced pursuant to Federal Rule of Civil Procedure 26(a)(1)(A). Addresses and telephone numbers are specifically enumerated in the Rule.

Defendants' initial disclosures were due on October 4, 2005 but were produced late, on October 19, 2005. (Pl.'s Mot., Kang Decl. Ex. C.) When Defendants did provide their disclosures, only *names* of potential witnesses were provided, with a footnote as to some of them indicating that they would be available for interview only through Defendants' counsel because they are "current or former management representatives." (*Id.*) However, when challenged on this designation by Plaintiff, Defendants apparently provided no legal authority for withholding contact information and then eventually agreed to provide the contact information after all. (*Id.* Exs. B, D, E.) Further, Defendants make no argument in their opposition to Plaintiff's motion about why they should not have had to produce the requested addresses and phone numbers and do not appear to refute Plaintiff's stated opinion that these employees are "not speaking agents of Hollywood Videos" and are thus interviewable. (*See id.* Ex. B; Defs.' Opp'n.)

After receiving only the names of Defendants' potential witnesses on October 19, 2005, Plaintiff contacted Defendants by letter that same day to obtain the corresponding addresses and phone numbers. (Pl.'s Mot., Kang Decl. Ex. B.) After further delay and a lack of response, Plaintiff sent Defendants an email requesting the same on October 27, 2005. (*Id.* Ex. D.) Then, on November 2, 2005 the parties had a phone conversation about the matter, wherein Defendants finally agreed to produce the requested contact information by November 4, 2005, which was confirmed in a letter from Plaintiff. (*Id.* Ex. E.) However, on November 4, 2005, Defendants produced a list of *addresses only*. (*Id.* Ex. F.) According to Defendants, this incomplete production a month after it was due was because an associate at

ORDER – 2

Defendants' counsel's law firm "did not realize" that phone numbers were to be produced as well. (Defs.' Opp'n 2.) On November 14, 2005, Plaintiff filed this motion to compel. Shortly thereafter, Defendants decided to produce the requested phone numbers. (*Id.* 3.) This was six weeks after the information was due.

## II. ANALYSIS

Because the information requested has now been produced, the only remaining issue for the Court to decide is Plaintiff's request for sanctions against Defendants for their late disclosure, completed only after this motion was filed. The Federal Rules of Civil Procedure specifically provide for sanctions, including reasonable attorney's fees, if the information sought in a motion to compel disclosure or discovery is provided after the motion was filed, as here. FED. R. CIV. P. 37(a)(4)(A). However, the Court will not award sanctions if the movant did not first make a good faith effort to obtain the disclosure or discovery without court intervention or if the opposing party's nondisclosure was substantially justified or if an award of expenses and fees would be unjust. *Id.*

In the instant case, the Court finds that Plaintiff did make a good faith effort to resolve this matter through multiple instances of correspondence with Defendants. Further, the Court can find no "substantially justified" reason—legal or otherwise—for Defendants' six-week delay in producing the requested information in full. That the November 4, 2005 addresses-only disclosure may have been inadvertent on the part of the associate providing the addresses is not an excuse for the delay to that point or for the attorney of record to have failed to check that the information provided in his absence was complete. Moreover, the Court finds Defendants' argument that Plaintiff should have looked up the phone numbers on the internet disingenuous, because, as Plaintiff points out, all but one of the witnesses are unlisted. More importantly, that the information *may* be available on the internet in some cases misses the point of Rule 26 disclosures. Parties are to provide this information to promote efficiency in litigation. But for Defendants' delay and incompleteness, Plaintiff would not have had to file this motion. Finally, in light of the foregoing, the Court finds that awarding the amount of attorney's fees requested

ORDER – 3

here would not be "unjust."

**III. CONCLUSION**

For the reasons stated above, the Court hereby GRANTS IN PART and DENIES IN PART Plaintiff's motion as follows:

(1) Plaintiff's motion to compel addresses and phone numbers is DENIED as MOOT.

(2) Plaintiff's motion for sanctions is GRANTED. Defendants and/or their attorney shall cause to be paid to Plaintiff $1,400.00 as compensation for the fees Plaintiff incurred in filing this motion. Such payment shall be made within fifteen (15) days of the date of this Order.

SO ORDERED this 4th day of January, 2006.

John C. Coughenour

United States District Judge

ORDER – 4